MARK D. SELWYN (SBN 244180)
mark.selwyn@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Attorney for Applicants APPLE INC.;
APPLE GMBH.; APPLE RETAIL
GERMANY GMBH; APPLE, JAPAN INC.;
APPLE SALES INTERNATIONAL;
APPLE HOLDING B.V.; APPLE
BENELUX B.V.; APPLE NETHERLANDS
B.V.; APPLE RETAIL NETHERLANDS
B.V.; APPLE KOREA LTD.; APPLE
FRANCE; APPLE RETAIL FRANCE;
APPLE ITALIA S.R.L.; APPLE RETAIL
UK LIMITED; and APPLE PTY LIMITED.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* Ex Parte Application of<br><br>APPLE INC.; APPLE GMBH; APPLE RETAIL GERMANY GMBH; APPLE, JAPAN INC.; APPLE SALES INTERNATIONAL; APPLE HOLDING B.V.; APPLE BENELUX B.V.; APPLE NETHERLANDS B.V.; APPLE RETAIL NETHERLANDS B.V.; APPLE KOREA LTD.; APPLE FRANCE; APPLE RETAIL FRANCE; APPLE ITALIA S.R.L.; APPLE RETAIL UK LIMITED; and APPLE PTY LIMITED.<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Inc. for Use in Foreign Proceedings. | Civil Action No. **11MC1268**<br><br>**EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS AND SUPPORTING MEMORANDUM** |

Apple[1] applies to the Court ex parte[2] for an order pursuant to 28 U.S.C. § 1782 granting Apple leave to obtain targeted discovery from Qualcomm Inc. ("Qualcomm") for use in foreign litigations.

## I. INTRODUCTION

Samsung Electronics Co., Ltd. and its affiliates have sued Apple for infringement and injunctions in no fewer than eight countries outside of the United States. These lawsuits allege Apple's products infringe patents Samsung has declared essential to the Universal Mobile Telecommunications System (UMTS) standard. Under 28 U.S.C. § 1782, interested parties, such as Apple, may obtain discovery for use in foreign litigations from companies located within the United States.

In support of its defenses to the actions filed by Samsung against Apple in South Korea, Japan, Germany, the Netherlands, the United Kingdom, France, Italy and Australia, Apple seeks narrowly tailored discovery from its supplier of certain wireless communication chips, Qualcomm. Specifically, Apple seeks documents regarding whether Qualcomm had or has a license or is or was otherwise authorized to practice some or all of the patents that have been asserted by Samsung against Apple. With particular reference to France, the discovery requested by Apple is urgent because Samsung has filed for a preliminary injunction and the Court has granted a hearing date of October 20, just 15 days from now.

---

[1] Except as otherwise indicated, as used herein "Apple" means Apple Inc.; Apple GmbH; Apple Retail Germany GmbH; Apple, Japan Inc.; Apple Sales International; Apple Holding B.V.; Apple Benelux B.V.; Apple Netherlands B.V.; Apple Retail Netherlands B.V.; Apple Korea Ltd.; Apple France; Apple Retail France; Apple Italia s.r.l.; Apple Retail UK Limited; and Apple Pty Limited.

[2] Ex parte filing of applications are "an acceptable method for seeking discovery pursuant to [28 U.S.C.] section 1782." *In re Application of Republic of Ecuador*, No. 22-MC-0052, 2011 U.S. Dist. LEXIS 103360 (E. D. Cal. Sept. 13, 2011); *see also In re Ecuador*, No. C-10-80225, 2010 U.S. Dist. LEXIS 102158, at *7 (N.D. Cal. Sept. 15, 2010) ("[I]t is common for the process of presenting the request to a court and to obtain the order authorizing discovery to be conducted ex parte. Such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it") (internal quotation marks and citations omitted).

Apple's application satisfies section 1782's three statutory requirements. First, it is filed in "the district in which [the] person resides," 28 U.S.C. § 1782(a), because Qualcomm's headquarters are in San Diego, California. Second, Apple seeks the discovery "for use in a proceeding in a foreign . . . tribunal," *id.*, including courts such as the Mannheim Regional Court in Germany and the Tokyo District Court in Japan. Third, Apple and its foreign subsidiaries qualify as "interested persons" in those foreign proceedings because they are named parties to those proceedings. *See id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (litigants are common example of "interested persons").

Moreover, the factors identified by the Supreme Court to guide courts' discretion in analyzing applications under section 1782 all favor granting Apple's request. Qualcomm is not a participant in the foreign proceedings, and section 1782 provides an effective mechanism for obtaining this targeted discovery across various cases. In addition, the foreign jurisdictions at issue are receptive to the type of discovery sought by Apple, the discovery provides key information for the foreign proceedings, and the request is not made to circumvent any limitation on discovery imposed by the foreign courts. Finally, the discovery request is narrowly tailored and is not unduly intrusive or burdensome. Accordingly, Apple respectfully requests that the Court enter the order attached as Exhibit A and allow Apple to serve the subpoena attached as Exhibit B.

## II.     FACTUAL BACKGROUND

Samsung has filed lawsuits against Apple in the United States, before the International Trade Commission, and in eight countries outside of the United States. In each of the suits outside of the United States, Samsung has focused its patent infringement allegations on patents Samsung has declared essential to the UMTS standard. (*See generally* Selwyn Decl. at ¶¶ 4-27.)

The functionalities accused by Samsung in these actions generally relate to the chips within the iPhone and iPad, some of which are supplied by Qualcomm. (*Id.* at ¶ 30.)

Samsung's European lawsuits are pending in Germany's Mannheim Regional Court (*id.* at ¶ 4), the District Court of the Hague in the Netherlands (*id.* at ¶ 10), the Paris Civil Court in France (*id.* at ¶ 116), the Court of Milan - IP Chamber in Italy (*id.* at ¶ 19), and the High Court of Justice, Chancery Division, Patents Court in the United Kingdom (*id.* at ¶ 22). In all, Samsung alleges that Apple infringes seven European patents by selling mobile devices that purportedly comply with portions of the UMTS standard. (*Id.* at ¶¶ 6, 12, 18, 21, 24, and 27.)

In addition, Samsung has sued Apple in the Federal Court of Australia (*id.* at ¶ 25). There, Samsung has asserted seven Australian patents, all of which Samsung has claimed are essential to the UMTS standard.

Samsung has also sued Apple in the Seoul Central District Court in South Korea, alleging infringement of five Korean patents. (*Id.* at ¶¶ 13-15.) Samsung argues that four of these patents are essential to the UMTS standard and that therefore compliance with the UMTS standard necessarily infringes. (*Id.*)

In Japan, Samsung has filed two patent actions against Apple in the Tokyo District Court, alleging infringement of two Japanese patents. *(Id.* at ¶¶ 7-9.) Samsung's infringement allegations in its Japanese actions are also based on the UMTS standard. (*Id.*)

Finally, Samsung has opened another front in its ongoing worldwide campaign to enjoin Apple from allegedly practicing its Declared Essential patents. In the Federal Court of Australia, New South Wales District, Samsung's lawsuit alleges that Apple infringes seven Australian patents. (*Id.* at ¶¶ 25-27.) The alleged infringement of Samsung's patents is again based on Apple's sales of mobile devices which comply with the UMTS standard.

## III. ARGUMENT

### A. Legal Standard.

Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp.*, 542 U.S. at 247. Over time, Congress has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings." *Id.* at 247-249.

Section 1782 provides in part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement may be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The statute thus sets forth three requirements, authorizing the district court "to grant a Section 1782 application where (1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Chevron Corp. v. E-Tech Int'l.*, Case No. 10-cv-1146, 2010 U.S. Dist. LEXIS 94396, at *11 (S.D. Cal. Sept. 10, 2010) (internal quotation marks and citations omitted).

In *Intel*, the Supreme Court set forth several non-exclusive factors to aid district courts in determining how to exercise their discretion in granting section 1728 applications. These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request is "an attempt to circumvent foreign

proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264-65; *Chevron Corp.*, 2010 U.S. Dist. LEXIS 94396, at *11 (outlining *Intel* factors).

B.   **Apple's Application Meets the Section 1782 Requirements.**

Apple's request for discovery meets each of the three statutory requirements. First, the person from whom discovery is sought, Qualcomm, "resides or is found" in this District. 28 U.S.C. § 1782(a). Qualcomm has its principal place of business at 5775 Morehouse Drive, San Diego, California, which is located within this District. (Selwyn Decl. Ex. A (excerpt of 2010 Qualcomm 10K).)

Second, the discovery is sought for use in a "proceeding before a foreign tribunal." 28 U.S.C. § 1782(a). Specifically, Apple seeks the information for use in establishing at least the defenses of license, unfair competition and/or antitrust violations in patent infringement actions brought by Samsung in one or more foreign tribunals: the Mannheim Regional Court, District Court of the Hague, Paris Civil Court, Court of Milan - IP Chamber, the High Court of Justice, Chancery Division, Patents Court in the United Kingdom, Seoul Central District Court, Tokyo District Court, and the Federal Court of Australia, New South Wales District. All these venues are courts of first impression for hearing patent litigation.

As previous cases have recognized, these and related foreign adjudicative bodies qualify as "tribunals" for purposes of section 1782. *See, e.g., Marubeni Am. Corp. v. LBA Y.K.*, 335 Fed. App'x. 95, 97-98 (2d Cir. 2009) (permitting discovery for use in "Japanese District Court in Tokyo"); *Cryolife, Inc. v. Tenaxis Medical, Inc.*, No. C08-05124 HRL, 2009 U.S. Dist. LEXIS 3416, at *1, 5 (N.D. Cal. Jan. 13, 2009) (permitting discovery for use in patent infringement suit pending in "Dusseldorf Regional Court in Germany"); *In re Qwest Commcns. Int'l Inc.*, No. 08-93, 2008 U.S. Dist. LEXIS 115845, at *1, 8, 15 (W.D.N.C. July 10, 2008) (permitting discovery

for proceeding in "Amsterdam District Court" and noting that "courts have routinely held that the courts of the Netherlands are 'tribunals' under Section 1782"); *In re Sveaas*, 249 F.R.D. 96, 108 (S.D.N.Y. 2008) (permitting discovery for use in cases pending in "Court of Paris"); *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 39-41 (2d Cir. 1996) (permitting discovery for use in bankruptcy proceeding in "Court of Milan"); *In re IKB Deutsche Industriebank AG*, No. 09-cv-7852, 2010 WL 1526070, at *2 (April 8, 2010 N.D. Ill.) (venue for commercial dispute in United Kingdom "qualifies as a foreign or international tribunal") (internal quotation mark omitted); *Beluga Shipping GMBH v. Suzlon Energy Ltd.*, Case No. 10-80034 JW, 2010 U.S. Dist. LEXIS 104705, at *8 (Sept. 23, 2010) (permitting section 1782 discovery for use in an Australian proceeding).

Third, as named parties in the foreign actions, Apple and its subsidiaries qualify as "interested part[ies]." 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 256 ("No doubt litigants are included among . . . the 'interested person[s]' who may invoke § 1782"); *see also Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 594 (7th Cir. 2011); *Qwest*, 2008 U.S. Dist. LEXIS 115845, at *9. Accordingly, Apple has satisfied the statutory requirements for an application under 28 U.S.C. § 1782.

### C. The Supreme Court's *Intel* Factors Strongly Favor Granting Apple's Application.

In addition, the factors identified by the Supreme Court in *Intel* and by other courts weigh heavily in favor of the Court exercising its discretion to grant Apple's request for discovery.

#### 1. Qualcomm Is Not a Party in the Foreign Proceedings.

Since Qualcomm is not a party to the foreign litigations, the material Apple seeks, licenses in Qualcomm's possession, may not be within the foreign tribunal's jurisdictional reach. *See Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside

the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782 aid"); *see also Heraeus Kulzer*, 633 F.3d at 597 (authorizing section 1782 discovery because German litigant could not "obtain even remotely comparable discovery by utilizing German procedures"); *Cryolife*, 2009 U.S. Dist. LEXIS 3416 at *13 (holding that "petitioner need only show that the information" sought under section 1782 "will be useful").[3]

### 2. Apple Seeks Highly Relevant Information that Will Assist the Foreign Courts.

The nature and character of the foreign proceedings and the receptivity of the foreign courts to U.S. federal-court judicial assistance also weigh in favor of this Court granting Apple's request for discovery. *See Intel*, 542 U.S. at 264. Because the nature and character of the foreign proceedings involve Samsung's allegations of patent infringement, discovery regarding potentially relevant license agreements is critical. *See London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (affirming order granting 1782 discovery where proof sought was "critical" in light of the "nature and character of the foreign case"); *In re Bayer AG*, 146 F.3d 188, 195-96 (3d Cir. 1998) (documents relevant to the foreign proceedings are "presumptively discoverable" under section 1782).

Moreover, prior cases have recognized the receptiveness of the jurisdictions at issue here to the use of discovery obtained through section 1782. *See e.g.*, *Heraeus Kulzer*, 633 F.3d at 597 (Germany); *Cryolife*, 2009 U.S. Dist. LEXIS 3416, at *8-9 (same); *Marubeni*, 335 Fed. App'x. at 98 (Japan); *In re Letters Rogatory from the Tokyo District Prosecutor's Office*, 16 F.3d 1016, 1020-21 (9th Cir. 1994) (same); *In re Roche Nederland B.V.*, No. 11-0017, slip op. at 1 (M.D.

---

[3] Nor are the relevant Samsung entities all parties to each of the foreign proceedings. For example, the plaintiff in the German actions is Samsung GmbH, not Samsung Electronics. Obtaining discovery from the relevant Samsung entity may thus be difficult or impossible in that suit.

Term. May 12, 2011) (Selwyn Decl. Ex. B) (Netherlands); *Qwest*, 2008 U.S. Dist. LEXIS 115845, at *12-13 (same); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1097, 1101 (2d Cir. 1995) (France); *Lancaster Factoring*, 90 F.3d at 42 (Italy); *IKB Deutsche Industriebank*, 2010 WL 1526070, at *4 (United Kingdom); *In re Request for Judicial Assistance from the Seoul District Criminal Court*, 428 F. Supp. 109, 111, 114 (N.D. Cal. 1977), *aff'd*, 555 F.2d 720 (9th Cir. 1977) (South Korea); *see also In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112, 1115-16 (United Kingdom, France, The Netherlands, Germany, and Japan); *Beluga Shipping*, 2010 U.S. Dist. LEXIS 104705, at *8 (Australia).

### 3. No Foreign Discovery Restrictions Bar Apple's Requested Discovery.

28 U.S.C. § 1782 does not require that the documents sought be discoverable in the foreign courts. *Intel*, 542 U.S. at 260-63. However, a district court could consider whether an applicant was seeking in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265.[4] Here, Apple is unaware of any restrictions on proof-gathering procedures that would prohibit obtaining the discovery it seeks through section 1782. To the contrary, as noted above, U.S. courts have routinely granted applications under section 1782 for evidence to be used in the foreign courts at issue here. *See e.g.*, *Heraeus Kulzer*, 633 F.3d at 597 (Germany); *Marubeni*, 335 Fed. App'x. at 98 (Japan); *Qwest*, 2008 U.S. Dist. LEXIS 115845, at * 12-13 (Netherlands); *Seoul District Criminal Court*, 428 F. Supp. 109 (South Korea); *Lancaster Factoring*, 90 F.3d at 42 (Italy); *Sveaas*, 249 at 108 (France); *IKB Deutsche Industriebank*, 2010 WL 1526070, at *4 (United Kingdom); *Beluga Shipping*, 2010 U.S. Dist. LEXIS 104705, at *8 (Australia).

---

[4] *See also In Re Esses*, 101 F.3d 873, 876 (2d Cir. 1996) ("[O]nly upon authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of section 1782 should a district court refrain from granting the assistance offered by the act") (emphasis in original); *Euromepa*, 90 F.3d at 1101 (permitting discovery under section 1782 and observing that court "can simply refuse to consider any evidence that [1782 applicant] gather by what might be – under French procedures – an unacceptable practice"); *Procter & Gamble*, 334 F. Supp. 2d at 1116 (holding that "to decline a § 1782(a) request based on foreign nondiscoverability, a district court must conclude that the request would undermine a specific policy of a foreign country or the United States").

APPLE'S EX PARTE APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. § 1782

### 4.   Apple's Discovery Is Narrowly Tailored to Avoid Undue Burden.

Apple's proposed discovery requests are narrowly tailored and minimally burdensome. *See Intel*, 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed"). Apple is requesting document discovery on only two topics, targeted to a small, discrete set of documents: intellectual property licenses between Qualcomm and Samsung and communications regarding these licenses. The universe of responsive documents is thus likely to be small and easily searchable, avoiding any undue burden on Qualcomm.

### 5.   Granting Apple's Section 1782 Request Would Promote Efficient Discovery.

In addition to the *Intel* factors, courts have also considered other evidence suggesting that the discovery sought accomplishes the goals of section 1782, such as whether the requested discovery "provid[es] efficient means of assistance to participants in international litigation in our federal courts." *Marubeni*, 335 F. App'x at 96 (internal quotation omitted). Here, given the worldwide, complex nature of the litigations between Apple and Samsung, section 1782 provides an effective means for obtaining the discovery sought by Apple. Rather than seeking the same discovery in each of the foreign litigations, Apple can obtain the discovery with one application under section 1782. *See Procter & Gamble*, 334 F. Supp. 2d at 1115 (observing that it would be inefficient to require party to patent infringement actions in Germany, Japan, the Netherlands, France and the United Kingdom "to seek the same discovery" in each of them).

### 6.   The Court Should Exercise Its Discretion and Grant Apple's Request.

The *Intel* factors, and other factors considered by the courts, all strongly favor the Court exercising its discretion to grant Apple's application. Courts in this Circuit routinely permit discovery under section 1782 where, as here, the applicant has satisfied the three statutory requirements and the *Intel* factors all support granting the requested relief. *See, e.g., In re Am.*

1  *Petroleum Institute*, 11-80008-JF (PSG), slip op. (N.D. Cal. Apr. 7, 2011) (Selwyn Decl. Ex. C);

2  *In re Ecuador*, 2010 WL 3702427, at *2; *London*, 279 F. App'x at 513; *Chevron Corp.*, 2010

3  U.S. Dist. LEXIS 94396, at *11; *Govan Brown & Assocs. v. Doe*, No. 10-2704-PVT, 2010 U.S.

4  Dist. LEXIS 88673, at *7-8 (N.D. Cal. Aug. 6, 2010); *Mirana v. Battery Tai-Shing Corp.*, No.

5  08-80142, slip op. (N.D. Cal. Sept. 19, 2008) (Selwyn Decl. Ex. D).

## IV. CONCLUSION

Apple seeks narrowly tailored discovery for use in eight currently pending foreign proceedings, one of which has an injunction hearing date of October 20 and thus places urgency on Apple's requested discovery. Because Apple's request satisfies the three statutory requirements of 28 U.S.C. § 1782 and because the *Intel* factors all weigh in favor of granting the application, Apple respectfully requests that this Court issue the proposed order attached as Exhibit A, authorizing the issuance of a subpoena in substantially the same form as Exhibit B.

Dated: October 5, 2011

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
(mark.selwyn@wilmerhale.com)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100